the compound. The defendants also contend that in the cases where unfair competition in the use of a trade name has been enjoined it was held that such name was not entirely descriptive of the article involved. In support of this proposition the defendants have cited cases which do not involve unfair competition or have culled from cases which do, words which lend themselves to its contention. The defendants, however, have ignored the controlling thought of the latter decisions; the spirit which gives life and meaning to the words; namely, that unfair competition will not be tolerated, that commercial piracy must stop.

It begs the question to argue that the defendants are within their legal rights in respect to each individual act here involved. Of course, defendants have the right to use the names "Ergot" and "Apiol." They have the right to use a tin container and a nest-like paper inlay and a particular color scheme. Defendants, however, have not the right to market their product in such manner as to cause the public to mistake it for the product of the plaintiff. (*Mainzer, Inc.*, v. *Gruberth*, 237 App. Div. 89; affd., 262 N. Y. 484.)

In the case at bar it is no mere coincidence that has given rise to the above-mentioned facts. There is in the record evidence of a general course of conduct on the part of the defendants to market their product under names similar to those in use by their competitors.

Nor does the fact that plaintiff coupled its own name with its trade-mark prevent the acquisition of a secondary meaning by the trade name and give to the defendants the right to use the equivalent thereof in such a way as to mislead the public. The trade-mark is what has at all times been accentuated in the advertising of the plaintiff, and not the name of the plaintiff.

The judgment should be reversed and judgment as prayed for rendered in favor of plaintiff.

In the Matter of the Petition of PERRYMAN-BURNS COAL CO., INC., Appellant, for the Consolidation and Removal of Certain Actions Pending in the Municipal Court of the City of New York, Instituted against the Petitioner by PUBLIC ICE-FUEL CORPORATION, Respondent.— Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

COLLET D. HUFF, Appellant, v. MARY McCORMIC, Respondent.— Order so far as appealed from affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

HENRY E. OFFENHEIMER, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

WILLIAM P. FLECKENSTEIN, Respondent, v. BENNY FRIEDMAN and Another, Appellants.— Order affirmed, with twenty dollars costs and disbursements, without prejudice to application to resettle order of this court of December 7, 1934. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

WILLIAM P. FLECKENSTEIN, Appellant, v. BENNY FRIEDMAN and Another, Respondents.— Order so far as appealed from modified by granting so much of item 3 as covers the names of individuals against whom the alleged acts were